**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ronald GAITHER, Defendant–Appellee.**

No. 08–50441.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2011.*

Filed March 22, 2011.

Xochitl Arteaga, Assistant U.S. Attorney, Michael J. Raphael, Esquire, Assistant U.S. Attorney, AUSA–Office of U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Craig Anthony Harbaugh, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM **

The government appeals the district court's dismissal of its charge of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) against defendant Ronald Gaither ("Gaither"). The district court dismissed this count of the indictment because (1) the predicate offenses were not related to terrorism; and (2) the stolen identity belonged to a deceased victim. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

First, the predicate charges brought against Gaither, bank fraud and theft of government funds, are expressly listed among those that serve as a basis

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for an identity theft charge under § 1028A(a)(1). 18 U.S.C. §§ 1028A(c)(1), (5). The district court's belief that the statute applies only to terrorism-related offenses, rather than "straight bank fraud," is plainly incorrect.

Second, Gaither's argument that § 1028A(a)(1) does not criminalize the theft of identity documents belonging to a deceased person is foreclosed by *United States v. Maciel–Alcala*, 612 F.3d 1092 (9th Cir.2010), which held that the term "person" as used in § 1028A(a)(1) includes both living and deceased persons. After the Supreme Court in *Flores–Figueroa v. United States*, — U.S. ——, 129 S.Ct. 1886, 1888–94, 173 L.Ed.2d 853 (2009) interpreted § 1028A(a)(1) so that the term "knowingly" modified all subsequently listed elements of the crime, including "of another person," we were charged in *Maciel–Alcala* with further interpreting the term "person" to make clear what exactly the defendant had to know. Contrary to Gaither's argument, therefore, *Maciel–Alcala's* holding that "person" in § 1028A(a)(1) includes both living and deceased persons is not merely dicta, but was the precise question under review. Although this case presents a different set of facts because the person whose identity Gaither stole was in fact dead at the time of the unlawful use, *Maciel–Alcala's* holding as to how § 1028A(a)(1) should be construed as a matter of law controls.

Because the district court's reasoning is contrary to the plain text of the statute and our holding in *United States v. Maciel–Alcala*, 612 F.3d 1092 (9th Cir.2010), its dismissal of the charge under § 1028A(a)(1) is **REVERSED** and the case is **REMANDED** for further proceedings not inconsistent with this disposition.